USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-29-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

MICHELLE NELSON,                         :

                    Plaintiff,           :       96 Civ. 9331 (LAP)(HBP)

        -against-                        :       REPORT AND
                                                 RECOMMENDATION
GROUP HEALTH INC.,                       :

                    Defendant.           :

----------------------------------X


        PITMAN, United States Magistrate Judge:


        TO THE HONORABLE LORETTA A. PRESKA, Chief Judge,

Southern District of New York,[1]


        By motion dated December 3, 2010 (Docket Item 15),

plaintiff moves to restore her case to the Court's docket.   For

the reasons set forth below, I respectfully recommend that the

motion be denied.

---

        [1]This matter was originally assigned to the Honorable
Michael B. Mukasey, who referred the matter to me for general
pretrial supervision and for trial pursuant to 28 U.S.C.
§ 636(c).  However, because no stipulation consenting to my
jurisdiction was filed, I deemed the reference to be a reference
for general pretrial supervision and to report and recommend with
respect to dispositive motions.  As discussed in the text, Judge
Mukasey dismissed the matter without prejudice in January 1999.
Because this action was closed when Judge Mukasey resigned from
the bench in 2006, it was never re-assigned to another District
Judge.  Accordingly, I make this report and recommendation to you
as Chief Judge.

Plaintiff commenced this pro se employment discrimination action pursuant to Title VII, 42 U.S.C. §§ 2000e et seq. on December 12, 1996.  I granted plaintiff's application to have her case added to the list of cases considered by the Court's Pro Bono Panel on February 5, 1998 and stayed the matter while plaintiff's case was considered by members of the panel (Docket Item 10).  Unfortunately, no member of the panel ever volunteered to represent plaintiff, and she remained a pro se litigant.

On September 11, 1998, I wrote the following letter to plaintiff:

> As you may recall, your action has been dormant for several months now to permit consideration by the Court's Pro Bono Panel.  To date, no volunteer attorney has agreed to take your case, and it appears that if you wish to proceed with your claim, you will have to represent yourself.
>
> I have been advised by my Courtroom Deputy, Mr. Daniel Ortiz, that you are considering voluntarily withdrawing your claim in this matter.  Obviously, this decision is up to you and you alone, and I have no opinion whatsoever as to whether you should or should not withdraw your claim.  However, in light of the long period of inactivity, it is imperative that you make your decision promptly.
>
> Accordingly, no later than October 15, 1998, please report to me in writing, with a copy to counsel for defendant, whether you wish to discontinue your lawsuit.  If you do wish to discontinue your lawsuit, you should discuss with defendant's counsel whether your withdrawal will be with or without prejudice.  A claim that is withdrawn with prejudice cannot be brought again in the future; a claim that is withdrawn

2

without prejudice can be refiled as a new action in the
future.

> If you have any procedural questions concerning
> this matter, I suggest you contact the Office of the
> Pro Se Clerk at United States Courthouse, Southern
> District of New York, 500 Pearl Street, Room 230, New
> York, New York, (212) 805-0175.

On October 1, 1998, plaintiff responded to my letter,

stating:

> I have received your communication concerning the
> discontinuance of my lawsuit against Group Health
> Incorporated.  To my great dismay, I must, at this
> time, discontinue this suit without prejudice.  Having
> this suit open has profoundly affected my personal and
> financial life.

> I sincerely thank you for your patience and
> assistance in this matter.

After securing defendant's consent in writing to the

dismissal of the action without prejudice, I issued a report and

recommendation on November 24, 1998 recommending that the matter

be dismissed without prejudice (Docket Item 13).  My report and

recommendation was adopted by Judge Mukasey on January 4, 1999

and the case was dismissed without prejudice (Docket Item 14).

In her motion to restore her case, plaintiff explains

that personal upheavals in her life, including a divorce, the

loss of her home, the loss of her job and parenting the children

of her deceased relatives prevented her from seeking to restore

the action sooner.   Defendant objects to the motion on the ground that it is time-barred.

An employment discrimination action under Title VII must be commenced within 90 days of plaintiff's receipt of her right to sue.   42 U.S.C. § 2000e-5(f)(1); <u>Tiberio v. Allergy Asthma Immunology of Rochester</u>, Docket No. 11-2576-cv, 2011 WL 6355289 at *1 (2d Cir. Dec. 20, 2011); <u>Joseph v. Athanasopoulos</u>, 648 F.3d 58, 63 n.5 (2d Cir. 2011).   Even if I assume that plaintiff had the full 90 days from the dismissal of her action in which to reinstate it -- the most favorable assumption possible -- her present motion, made more than ten years after the dismissal of her action, is clearly untimely.

I readily accept the truth of plaintiff's statements concerning the difficult events that have occurred in her life over almost a twelve-year period between the dismissal of her action and her motion to restore her action.   Nevertheless, these hardships do not excuse plaintiff's non-compliance with the applicable limitations period.   Although it is theoretically possible that the doctrine of equitable tolling might provide an excuse for plaintiff's failure to move to restore her action in a timely manner, in order to invoke this doctrine, plaintiff would have to demonstrate that extraordinary circumstances prevented her from moving to restore her action during the almost twelve-

year period between the dismissal of her action and her motion to restore her action and that she acted with due diligence throughout the period. <u>Falso v. Gates Chili Cent. School Dist.</u>, 408 F. App'x 494, 496 (2d Cir. 2011); <u>see generally</u> <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 121 (2002).  Although plaintiff appears to have had many personal difficulties since her action was dismissed, the present record does not demonstrate that these problems were so severe and pervasive that they presented an insurmountable obstacle to plaintiff's prosecuting her claim. <u>See</u> <u>Boos v. Runyon</u>, 201 F.3d 178, 185 (2d Cir. 2000) (plaintiff's claim that she suffered from "'paranoia, panic attacks, and depression'" did not justify application of equitable tolling "without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights").

Accordingly, for all the foregoing reasons, I respectfully recommend that plaintiff's motion to restore her case to the Court's active docket be denied in all respects.

<u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report and Recommenda-

tion to file written objections.  See also Fed. R. Civ. P. 6(a) and 6(d).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, United States District Judge, 500 Pearl Street, Room 2220, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Preska.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        December 29, 2011

Respectfully submitted,


_____
HENRY PITMAN
United States Magistrate Judge

6

Copies mailed to:

Ms. Michelle Nelson
232 Parmalee Place
Elizabeth, New Jersey   07208

Michael C. Schmidt, Esq.
Cozen O'Connor
277 Park Avenue
New York, New York   10172